## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

2026 MAY 18  A 9: 18

U.S. DISTRICT COURT
N.D. OF ALABAMA

ANTHONY T. LEE, et al.,

        Plaintiffs,

UNITED STATES OF AMERICA,

        Plaintiff-Intervenors,
        And Amicus Curiae,

NATIONAL EDUCATION
ASSOCIATION,

        Plaintiff-Intervenor,

v.

MACON COUNTY BOARD OF
EDUCATION, et al. (Tuscumbia City
Schools),

        Defendants.

CIVIL ACTION NO. 70-251-S

### JOINT MOTION FOR DISMISSAL WITH PREJUDICE

Plaintiff the United States of America ("the United States") and Defendant Tuscumbia City Schools (collectively, the "Parties") respectfully submit this Joint Motion for Dismissal of this action with prejudice as to Defendant Tuscumbia City Schools and respectfully request that the court enter the Order appended hereto. In support, the Parties state as follows:

### Procedural History

1. The plaintiffs, several Alabama school children, filed the original complaint in this case in January 1963. The defendants eventually included the State of Alabama, officials of the State, and 90 public school districts including Tuscumbia City Schools. The United States

joined as a plaintiff-intervenor on July 16, 1963. The National Education Association also joined as a plaintiff-intervenor, although it has not been active with regard to Tuscumbia City Schools for over 30 years. The plaintiffs alleged that Defendants operated racially dual systems of public education in violation of the Fourteenth Amendment and Title IV of the Civil Rights Act of 1964. U.S. Const. amend. XIV; 42 U.S.C. § 2000-6.

2.      On March 22, 1967, the Court entered a detailed regulatory injunction ("Regulatory Injunction") requiring each school district to establish a fully desegregated school system in compliance with *Brown v. Board of Education*. 34 U.S. 483 (1954).

3.      On February 21, 1975, the Court dissolved the Regulatory Injunction for several school districts, including Tuscumbia City Schools, and replaced it with a Consent Order ("1975 Consent Order"). A copy of the 1975 Consent Order is attached as Exhibit "A." The 1975 Consent Order states that several school districts (including Tuscumbia City Schools) "have been operating a unitary school system for the past three years, and that all litigation pertaining to compliance with the orders of the Court have been satisfactorily resolved." Ex. A. at 1.

4.      The 1975 Consent Order placed this case, with respect to Tuscumbia City Schools (and other districts) on the Court's inactive docket. *Id.* at 3.

5.      Since the 1975 Consent Order, and for 51 years since, Tuscumbia City Schools has complied in good faith and run a desegregated school system in accordance with paragraph 2(a-e) of the 1975 consent order. Because of that, no litigation between the Plaintiffs, the Plaintiff-intervenor United States, or any other Party to this case and Tuscumbia City Schools has occurred and no further proceedings under paragraph 3 of the consent order have been necessary.

2

6. Since the entry of the 1975 Consent Order, the United States Department of Justice, Civil Rights Division (the "Division") has maintained an active position in this case, periodically reviewing Tuscumbia City Schools for compliance with the 1975 Consent Order.

7. Other than the United States, the other plaintiffs abandoned this case as it pertains to Tuscumbia City Schools decades ago. The individual student plaintiffs from the original 1963 case have long since graduated, and no motion for substitution of parties was filed under Federal Rules of Civil Procedure (the "FRCP") rule 25(c) with respect to the plaintiff's complaints against Tuscumbia City Schools. The United States is unaware of any contact between the original plaintiff's counsel and Tuscumbia City Schools.

8. This case was originally filed under the pre-1966 FRCP, which allowed judges to manage class actions informally without certifying them. Fed. R. Civ. P. 23(a) (1961) (repealed 1966). However, after 1966, the FRCP adopted a formal process for certifying a class, which pre-1966 plaintiffs in ongoing cases were required to complete, and plaintiffs and their counsel never did so. Fed. R. Civ. P. 23(c)(1)(A) ("At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action"); *Atlantis Development Corp. v. U.S.*, 379 F.2d 818 (5th Cir. 1967) ("As we did most recently with amended F.R.Civ.P. 23 on class actions, *Alvarez v. Pan Am. Life Ins. Co.*, 375 F.2d 992 (5th Cir. 1967), and more significantly, as did the Supreme Court in El Paso II [*Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129 (1967)], we think it appropriate that to the maximum extent possible, the amended Rules should be given retroactive application." *Atlantis* was decided by the Fifth Circuit in 1967, and it remains binding precedent in the Eleventh Circuit, which split from the Fifth Circuit in 1981.)

9.     Plaintiff-intervenor National Education Association is a teacher's union, but it did not ever have any bargaining units at Tuscumbia City Schools. It has not made any filings in this case or made any contact with Tuscumbia City Schools about this case in decades.

## Motion to Dismiss

10.     Table 1, below, shows the racial breakdown of students in Tuscumbia City Schools for the 1968-1969 school year before the United States' desegregation efforts were fully implemented (approximated to the nearest percentage):

| School | Grades | Black Students | White Students |
|--------|--------|----------------|----------------|
| Northside Elementary School | 1-6 | 12% | 88% |
| R. E. Thompson Elementary School | 1-6 | 1% | 99% |
| Southside Elementary School | 1-6 | 100% | 0% |
| Deshler High School | 7-12 | 14% | 86% |
| Trenholm High School | 7-12 | 100% | 0% |
| **District-wide Total:** | | **26%** | **74%** |

11.     Table 1 shows that, in 1968-1969, Tuscumbia City Schools ran a segregated system. Tuscumbia maintained one 100% black elementary and one 100% black high school, with its other schools being ≥86% white. This differs markedly from the overall school district average of 26% black students and 74% white students.

12.     Table 2, on the next page, shows the racial breakdown of students in Tuscumbia City Schools in the 2025-2026 school year, approximated to the nearest percentage[1]:

---

[1] Niche, *Tuscumbia City Schools*, https://www.niche.com/k12/d/tuscumbia-city-schools-al/ (last visited May 12, 2026). Niche sources its data primarily from U.S. Department of Education, the National Center for Education Statistics (NCES).

4

| School | Grades | Black | White | Hispanic | Other |
|---|---|---|---|---|---|
| G.W. Trenholm Primary School | PK-2 | 26% | 64% | 3% | 7% |
| R.E. Thompson Intermediate School | 3-5 | 25% | 64% | 4% | 7% |
| Deshler Middle School | 6-8 | 25% | 65% | 3% | 7% |
| Deshler High School | 9-12 | 26% | 63% | 4% | 7% |
| **District-wide Total:** | | **25%** | **64%** | **4%** | **7%** |

13.     As clearly shown in Table 2, Tuscumbia City Schools is running a fully desegregated system. Student assignment at each school corresponds almost exactly to the racial make-up of the District-wide population. This is because the school district operates as a "single grade structure," meaning there is only one school option respectively for all PK-2, 3-5, 6-8, and 9-12 grade students within the entire school district.

14.     Tuscumbia City School's use of a single-grade structure is near-perfect proof that segregation of black and white students into different schools is not happening, since any student regardless of where they live in the district can only be assigned to one school. Other courts have found this to be persuasive evidence that permanent injunctions mandating desegregation should be dissolved. In the words of the Chief Judge of the U.S. District Court for the Western District of Tennessee, "The most persuasive argument for the remediation of de jure segregation is that all students of the same grade have attended the same school. . . . because the Board has acted in good faith, the Court need not retain judicial control over its efforts." *United States of America, et al, v. Dyersburg Board of Education,* 2026 U.S. Dist. LEXIS 28367, 6 (W.D. Tenn. Feb. 11, 2026).

15.     The United States has sent Tuscumbia City Schools periodic and thorough information requests over the past 51 years. Based on a comprehensive review of the information provided by the District to the United States, the United States concludes that the District has

5

consistently maintained its desegregated school system in accordance with this Court's 1975 Consent Order. This is true with respect to each of the Green factors: (1) student assignment, including school assignment, student transfers and classroom assignment; (2) faculty and staff; (3) transportation; (4) facilities; and (5) extracurricular activities. The District has also been fully cooperative with the United States, which the United States appreciates. The United States' information requests have often been extensive and intrusive and have created significant administrative burdens for the District, which is a small rural school system with few administrative staff.

16.     Based on the analysis above regarding student racial composition and other analyses by the United States of student assignment; faculty and staff; transportation; facilities and extracurricular activities, the continuous good faith efforts of Tuscumbia City Schools, and the long period of oversight, the United States concludes, and Tuscumbia City Schools agrees, that desegregation has been achieved and compliance with the 1975 Consent Order has been maintained.

17.     "From the very first, federal supervision of local school systems was intended as a temporary measure to remedy past discrimination." *Bd. of Educ. of Oklahoma City Public Schools v. Dowell*, 498 U.S. 237, 247 (1991). This is the case partly because "[n]o single tradition in public education is more deeply rooted than local control over the operation of schools," *Milliken v. Bradley*, 418 U.S. 717, 741 (1974), and also because it was never the purpose of the federal courts' desegregation jurisprudence to "condemn a school district, once governed by a board which intentionally discriminated, to judicial tutelage for the indefinite future." *Dowell*, 498 U.S. at 249.

18.     When local school authorities have fully desegregated schools and demonstrated compliance with federal desegregation orders for an extended period, the court must return control over the school system to the local school authorities. *Id.*; *Lee v. Talladega County Board of Education*, 963 F.2d 1426, 1430 (11th Cir. 1992).

Wherefore, the Parties jointly request this Court dissolve all remaining injunctions against the Defendants and dismiss this case with prejudice.

Respectfully submitted,

FOR DEFENDANT
TUSCUMBIA CITY SCHOOLS


By: s/ D. Edgar Black

    D. Edgar Black
    Alabama Bar No. ASB-9186-D44B
    406 West Avalon Ave
    Muscle Shoals, AL 35661;
    Telephone: (256) 280-4786
    SMS: (256) 280-4786
    Fax: (256) 274-0630
    Email: edgar.black@blackandhughston.com

FOR PLAINTIFF
UNITED STATES OF AMERICA

HARMEET K. DHILLON
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
UNITED STATES DEPARTMENT OF JUSTICE

By: s/ Peter M. Feaman
    PETER M. FEAMAN
    Senior Counsel
    Florida Bar No. 260347
    BENJAMIN H. OGILVIE
    District of Columbia Bar No. 90039742
    Counsel
    Educational Opportunities Section
    Civil Rights Division
    United States Department of Justice
    950 Pennsylvania Ave NW
    Washington, DC 20530
    Telephone: (202) 322-8375
    Email: benjamin.ogilvie@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on May 14, 2026, the foregoing was electronically submitted to the Clerk of the Court. I further certify that on May 14, 2026, I electronically served the foregoing upon counsel of record below for Tuscumbia City Schools:

D. Edgar Black
406 West Avalon Ave
Muscle Shoals, AL 35661;
Telephone: (256) 280-4786
SMS: (256) 280-4786
Fax: (256) 274-0630
Email: edgar.black@blackandhughston.com

By: *s/ Peter M. Feaman*
Peter M. Feaman

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

*Southern*

EASTERN DIVISION

ANTHONY T. LEE, et al.,          )
          Plaintiffs,            )
                                 )
UNITED STATES OF AMERICA,        )
                                 )
          Plaintiff-Intervenors, )
          and Amicus Curiae,     )     CIVIL ACTION NO. 70-251-S
                                 )
NATIONAL EDUCATION ASSOCIATION,  )
                                 )          FILED IN CLERK'S OFFICE
          Plaintiff-Intervenors, )     NORTHERN DISTRICT OF ALABAMA
                                 )
     v.                          )     ORDER      FEB 21 1975
                                 )
MACON COUNTY BOARD OF EDUCATION  )          WILLIAM E. DAVIS
et al.,                          )     CLERK, U. S. DISTRICT COURT
                                 )     BY:_____
          Defendants.            )          DEPUTY CLERK

It having been shown to the satisfaction of this Court that certain defendant school systems have been operating a unitary school system for the past three years, and that, all litigation pertaining to compliance with the orders of the Court have been satisfactorily resolved, this Court, deeming it proper so to do, HEREBY ORDERS, ADJUDGES AND DECREES that:

1. The detailed regulatory injunctions issued by this Court and by the United States District Court for the Middle District of Alabama as against the following school systems, the individual board members and the superintendents thereof, are dissolved

> Carbon Hill City
> Fayette County
> Franklin County
> Lamar County
> Marion County
> Muscle Shoals City
> Russellville City
> Tuscumbia City
> Winston County
> Winfield City



- 2 -

and the permanent injunction in paragraph 2, below substituted.

2. The above-named defendant school district, the individual board members and the superintendents thereof, are permanently enjoined from operating a dual system of racially identifiable schools. In addition, operation of the above-named defendant school districts shall be subject to the following provisions:

a. Defendants shall take no action which tends to segregate or otherwise discriminate against students or faculty by or within school on the basis of race, color, or national origin.

b. Staff members who work directly with children, and professional staff who work on the administrative level will be hired, assigned, promoted, paid, demoted, dismissed, and otherwise treated without regard to race, color, or national origin.

c. Bus routes and the assignment of students to buses will be designed to ensure the transportation of all eligible pupils on a nonsegregated and otherwise nondiscriminatory basis.

d. All school construction, school consolidation and site selection (including the location of any temporary classrooms) in the system shall be done in a manner which will prevent the reoccurrence of the dual school structure.

e. If the school district grants transfers to students living in the district for their attendance at public schools outside the district, or if it permits transfers into the district of students who live outside the district, it shall do so on a nondiscriminatory basis, except that it shall not consent to transfers where the cumulative effect will reduce desegregation in either district.

- 3 -

3. The actions pertaining to the above-named districts are hereby placed on the inactive docket of this Court subject to being re-activated on proper application by any party, or on the Court's motion, should it appear that further proceedings are necessary.

The provisions of previous orders in this case as they relate to other defendants not named in paragraph 1, above, remain in full force and effect and are in no way affected by this order.

DONE this _____ day of _____, 1975.

_____
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | |
|---|---|
| **ANTHONY T. LEE, et al.,** | |
| **Plaintiffs,** | |
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff-Intervenors, And Amicus Curiae,** | |
| **NATIONAL EDUCATION ASSOCIATION,** | **CIVIL ACTION NO. 70-251-S** |
| **Plaintiff-Intervenor,** | |
| **v.** | |
| **MACON COUNTY BOARD OF EDUCATION, et al. (Tuscumbia City Schools),** | |
| **Defendants.** | |

## ORDER DISMISSING CASE WITH PREJUDICE

This Court has considered Plaintiff, the United States of America, and Defendant, Tuscumbia City Schools' joint Motion to Dismiss with Prejudice filed on May 14, 2026.

Accordingly, it is hereby ORDERED and ADJUDGED that:

1.      The Motion to Dismiss with Prejudice is GRANTED.

2.      The Court's jurisdiction over this matter is terminated, and the case is hereby DISMISSED WITH PREJUDICE as to the Defendant, Tuscumbia City Schools.

3.      All prior injunctions and orders entered in this case are DISSOLVED.

1

4.      The Clerk shall enter judgment stating, "This case is DISMISSED with prejudice as to Tuscumbia City Schools," and close the file.

SO ORDERED on _____.


_____
United States District Judge

2

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANTHONY T LEE ET AL
UNITED STATES OF AMERICA

**DEFENDANTS**
MACON COUNTY BOARD OF EDUCATION
(TUSCUMBIA CITY SCHOOLS)

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **MACON**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

2026 MAY 18  A C: 1 9
U.S. DISTRICT COURT
N.D. OF ALABAMA

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PETER FEAMAN, SENIOR COUNSEL
UNITED STATED DEPARTMENT OF JUSTICE

Attorneys *(If Known)*
D. EDGAR BLACK
BLACK AND HUGHSTON P C
406 WEST AVALON AVE. MUSCLE SHOALS AL 35661

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1  U.S. Government Plaintiff – Intervenor

[ ] 2  U.S. Government Defendant

[ ] 3  Federal Question *(U.S. Government Not a Party)*

[ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | | |
| | [X] 448 Education | [ ] 540 Mandamus & Other | **IMMIGRATION** | |
| | | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | |
| | | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[ ] 1 Original Proceeding [ ] 2 Removed from State Court [ ] 3 Remanded from Appellate Court [ ] 4 Reinstated or Reopened [X] 5 Transferred from Another District *(specify)* Middle [ ] 6 Multidistrict Litigation - Transfer [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE VI OF THE CIVIL RIGHTS ACT 1964
Brief description of cause:
SCHOOL DESEGREGATION

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE ANNEMARIE CARNEY AXON
DOCKET NUMBER 2:22-MC-01184-ACA

DATE
MAY 14, 2026

SIGNATURE OF ATTORNEY OF RECORD
PETER FEAMAN

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____