FILED

2026 Jul-07  AM 10:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | |
|---|---|
| **ANTHONY T. LEE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.: 3:26-mc-921-LCB** |
| ) | **(2:70-cv-251-S)** |
| **TUSCUMBIA CITY SCHOOL** ) | |
| **SYSTEM, *et al.*,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Before the Court is the United States of America's and the Tuscumbia City Schools' Joint Motion to Dismiss With Prejudice. (Doc. 3). The parties have jointly moved to dismiss the original consent-decree case, *Lee v. Tuscumbia City School System*, No. 7-cv-251-S (N.D. Ala. April 14, 1970),[1] and dissolve all prior injunctions against the Tuscumbia City Schools concerning desegregation. *Id.* For the following reasons, the parties' joint motion (doc. 3) is **GRANTED**.

### I.    DISCUSSION

To dissolve a desegregation decree, the Court must see if the school district has "complied in good faith with desegregation decree since it was entered, and whether the vestiges of past discrimination have been eliminated to the extent

---

[1] The Case was originally filed in January 1963, *see* (doc. 1 at 1–3), but the case involving the Tuscumbia City Schools was severed and transferred to the Northern District on April 14, 1970. *Id.*

practicable." *Missouri v. Jenkins*, 515 U.S. 70, 89 (1995) (cleaned up). The Court has described a number of factors to consider, including: (1) whether there has been full and satisfactory compliance with the decree in those aspects of the system where supervision is to be withdrawn; (2) whether retention of judicial control is necessary or practicable to achieve compliance with the decree in other facets of the school system; and (3) whether the school district has demonstrated, to the public and to the parents and students of the once disfavored race, its good-faith commitment to the whole of the court's decree and to those provisions of the law and the Constitution that were the predicate for judicial intervention in the first instance. *Freeman v. Pitts*, 503 U.S. 467, 491 (1992). Once a school district has complied in good faith with "the district court's desegregation decree," the "court should and must return control over th[e] school system to the local school authorities." *Lee v. Talladega County Bd. Of Educ.*, 963 F.2d 1426, 1430 (11th Cir. 1992).

The Court finds that Tuscumbia City Schools has complied in good faith with the desegregation decree and achieved unitary status. On March 22, 1967, the Court entered a regulatory injunction against the Tuscumbia City Schools requiring them to fully desegregate in compliance with the Fourteenth Amendment. (Doc. 1 at 2). For the past 51 years, Tuscumbia has had only one school for every grade, and every student must attend the same school. *Id.* 3 at 5; *see also* hearing held on June 30, 2026. And both parties presented evidence that the racial population of the schools

2

is almost identical to the racial make-up of the district-wide population. (Doc. 3 at 5). Those two points are persuasive evidence that the district has consistently maintained its unitary system in good faith and is in conformance with the Fourteenth Amendment.

## II. CONCLUSION

Accordingly, the Joint Motion to Dismiss with Prejudice (doc. 3) is **GRANTED** and the case is **DISMISSED WITH PREJUDICE**.

The Court's jurisdiction over the matter is **TERMINATED**, and all prior injunctions and orders entered in this case are **DISSOLVED**.

The Court shall enter a final judgment along with this order.

**DONE** and **ORDERED** this July 7, 2026.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE